# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI
## SOUTHERN DIVISION

Melanie Fortner, )
                Movant, )
vs. ) No. 08-3014-CV-S-FJG
United States of America, ) Crim. No. 04-3057-06-CR-S-FJG
                Respondent. )

## ORDER

Pending before this Court is movant's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct her sentence (Doc. #1, filed January 7, 2008). The Court finds that it has jurisdiction over this matter.

Movant entered into plea negotiations with the government, and pled guilty on February 18, 2005. See Doc. #128-131, and Doc. # 153 to Case No. 04-3057. In the plea agreement, movant admitted to a relevant drug quantity of "in excess of 15 kilograms of methamphetamine," and stipulated to a base offense level of 38. ¶¶ 2, 10.c. of Doc. # 128 to Case No. 04-3057. Movant also waived her right to appeal or collaterally attack by post-conviction motion any issues agreed to under the terms of the plea agreement. Doc. #128, ¶ 13. Although movant waived her right to appeal as a term of her plea agreement, movant appealed her sentence to the Eighth Circuit. The Eighth Circuit affirmed movant's sentence on May 24, 2006, holding that she had waived her right to appeal the issue of drug quantity in her plea agreement.. See Doc. #236 in Case No. 04-3057.

On May 29, 2007, movant filed a motion entitled "Defendant's Paladino Memorandum on Limited Remand," seeking reconsideration of her sentence. Doc. # 243 in Case No. 04-3057. On July 17, 2007, the Court denied this motion. Doc. # 245. On August 16, 2007, movant filed a motion for clarification of the Court's July 17, 2007, Order, seeking clarification as to whether the Court had treated her "Paladino Memorandum" as an initial § 2255 motion. Doc. # 248. On December 4, 2007, the Court issued an order stating, "Defendant is advised that as part of her plea agreement, she waived her right to appeal. There is nothing unconstitutional about that waiver. Accordingly, defendant's Palandino Memorandum was denied." Doc. #272.

On January 7, 2008, movant filed the instant motion pursuant to 28 U.S.C. § 2255. Movant asserts her counsel was ineffective for failing to discuss with her the terms of the plea agreement, by failing to lodge requested objections to the PSR, by misconstruing the terms of her proffer agreement and allowing her proffer statements to be used against her, and by "colluding with the prosecution in over-charging and over-sentencing her." Movant further argues that the prosecution "breached the proffer agreement of immunity for Fortner, and defense counsel did nothing to stop it, causing the guilty plea to be involuntary and unknowing."

Strickland v. Washington, 466 U.S. 668, 687 (1984) held to establish ineffective assistance of counsel, defendant must show: (1) that his counsel's representation fell below an objective standard of reasonableness; and (2) that counsel's errors were prejudicial. The Court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that the challenged action might be considered sound trial strategy. The reasonableness of counsel's action is judged from the perspective of counsel at the time of trial and not by hindsight. Lockart v. Fretwell, 506 U.S. 364 (1993). Even if counsel's actions are professionally unreasonable, it may not warrant setting aside the judgment if the error had no effect on the judgment.

**JUDGMENT**

The Court has reviewed movant's motion (Doc. #1) respondent's opposition (Doc. #9), movant's reply (Doc. #11) and the record in the underlying criminal case, and finds that movant's allegations are without merit. In particular, movant has waived her post-conviction rights. Additionally, movant's 2255 petition is untimely. Further, movant's substantive claims are without merit for the reasons stated in respondent's opposition (Doc. #9). This Court adopts and incorporates by reference herein that analysis as its own.

For the aforesaid reasons movant's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. #1), filed January 7, 2008, is denied.

No evidentiary hearing will be held in this matter because the issues raised are resolvable by the record. Furthermore, movant will be denied a motion for certificate of

appealability, in that the issues raised are not debatable among reasonable jurists, nor could a court resolve the issues differently.

        /s/Fernando J. Gaitan, Jr.
Fernando J. Gaitan, Jr.
Chief United States District Judge

Dated:   5/28/08
Kansas City, Missouri